IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

UNITED STATES OF AMERICA

v.

NO. 5:25-CR-145-H

TERRY JOE SIDES, JR.

## FACTUAL RESUME

In support of Terry Joe Sides, Jr.'s plea of guilty to the offense in Count One of the Indictment, Sides, the defendant; Brandon Barnett, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. §§ 2252A(a)(2) and (b), that is, Receipt and Distribution of Child Pornography, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*  That the defendant knowingly received or distributed an item of child pornography, as alleged in the indictment;

*Second.*  That the item of child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Third.*  That when the defendant received or distributed the item, the defendant knew the item was child pornography.

To "receive" something means to knowingly accept or take possession of something. Receipt does not require proof of ownership.

---

[1] Fifth Circuit Pattern Jury Instruction 2.85D (2024).

Terry Joe Sides, Jr.
**Factual Resume—Page 1**

To "distribute" means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an un- natural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## STIPULATED FACTS

1.  Terry Joe Sides, Jr. ("defendant") admits and agrees that from on or about a date unknown to the grand jury and continuing until on or about October 1, 2025, in the Lubbock Division of the Northern District of Texas, and elsewhere, he did knowingly receive or distribute at least one visual depiction that had been shipped or transported using any means or facility of interstate or foreign commerce, had been shipped or transported in or affecting interstate or foreign commerce, or was produced using materials which had been mailed or shipped or transported using any means or facility of interstate or foreign commerce, including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b).

2.  Between March 28, 2025, and July 25, 2025, a sergeant with the Office of the Attorney General of the State of Texas conducted a proactive child exploitation investigation wherein he downloaded child pornography from users on the Internet. During his investigation, the sergeant conducted direct downloads of 22 child sexual abuse material (CSAM) files of interest from IP address 50.27.19.254. The IP address utilized a free and open-source peer-to-peer (P2P) file sharing platform that allowed users to connect to a network of other users to download and share files. When the sergeant made the downloads, he was able to obtain the IP address associated with those downloads using forensic tools, which is how it was determined that the files described below were downloaded from IP address 50.27.19.254. The sergeant obtained partial

downloads of 19 files and full downloads of 3 files. The 3 files were verified CSAM and included the following:

- **File name: video 20220109 070743.mp4. Length: 15 minutes and 48 seconds.** The video depicted an approximately 10-to-12-year-old prepubescent female with blonde hair, holding a white bed sheet to her chest. The camera then moved to show the exposed penis of a post-pubescent male under the age of 18. The young female moved down to the floor and began performing oral sex on the male. The video then switched to another scene showing the aforementioned male and female engaging in genital-genital intercourse. At the end of the video, the male performed oral sex on the female.

- **File name: Video 2022-08-22 13-38-32.mp4, Length: 2 minutes and 10 seconds.** The video depicted an approximately 10-to-12-year-old prepubescent female (F1) wearing no clothing and laying on a bed with green sheets. An unclothed adult male was observed kneeling between the female's legs with his erect penis showing. The camera moved to a close up of the adult male rubbing his erect penis on the outside of the female's vagina. A second prepubescent female (F2), approximately 8-to-10 years old, wearing no clothing, joined the female on the bed and began rubbing F1's breasts and kissing F1 on the lips. The adult male then guided F2's hand to his penis and F2 began manually stimulating the adult male's penis. The adult male then instructed F1 and F2 to get on all fours while on the bed.

- **File name: BS Video Pedrojack 2022-07-11 02-29-11.mp4. Length:15 minutes and 29 seconds.** The video depicted a teal blue room with an open door. Through

Terry Joe Sides, Jr.
Factual Resume—Page 4

the open door was a hanging flag. An approximately 10-to-12-year-old prepubescent female was observed getting off a bed and closing the door. The female was fully clothed and rejoined an adult male on a bed. The female began undressing, exposing her breasts, buttocks and vagina. The female began masturbating with her fingers. The female then began manually simulating the male's erect penis. The female then went to a closet and appeared to retrieve a bottle of lubricant. The female mounted the adult male and placed lubricant on the adult male's erect penis. The male and female then engaged in genital-genital intercourse.

3.  Between May 19, 2025, and May 25, 2025, an agent with Homeland Security Investigations (HSI) conducted a similar, but unrelated, proactive investigation and conducted direct downloads of 37 files of interest from the same P2P platform, which were determined to also be downloaded directly from IP address 50.27.19.254. The agent obtained partial downloads of 35 files and full downloads of 2 files. The 2 files were verified CSAM and included the following:

- **File name: video_2022-07-11_03-23-06.mp4. Length: 40 minutes and 53 seconds.** The video depicted an approximately 10-to-12-year-old prepubescent female laying unclothed on a bed. An adult male performed oral sex on the female's vagina. The male also digitally penetrated the female's vagina with his fingers. The female appeared to be in pain during the digital penetration. The female then performed oral sex on the adult male's penis. The male and female engaged in sexual intercourse and the male ejaculated on the stomach area of the female. The male then spread the lips of the female's vagina.

- **File name: !!!falko 1.avi. Length: 3 minutes and 23 seconds.** The video started with the wording "falkovideo part I." An adult female wearing cheetah print lingerie was observed holding a silver-colored dildo while an approximately 6-to-8-year-old prepubescent female was bent over watching a video on a laptop. The minor female was wearing a lacy belt with long black socks. The adult female placed the dildo into the anus of the minor female. The adult female then forced the minor female to use the same dildo on the adult female in the same manner.

4. The videos described above meet the federal definition of child pornography under 18 U.S.C. § 2256(8).

5. Per subpoena returns, the subscriber of IP address 50.27.19.254 during the activity period was:

- Subscriber Name: Terry Sides
- Address: 6001 34th Street, Space 37, Lubbock, TX 79407
- Subscriber Phone Number: 214-498-4653
- Subscriber Email Address: tjsides@gmail.com
- Account Active: January 25, 2021, to present.

6. Sides's IP address was registered to him and associated with his residence, which was a 2019 Sandpiper trailer, VIN: 4X4FSAP20KJ037882, Texas License Plate B338936, located at 6001 34th Street, Space 37, in Lubbock, Texas. Other occupants of this RV park had their own internet if they chose to have internet and Sides's IP address was not an IP address used or associated with multiple spaces at the RV park.

7.     On September 17, 2025, law enforcement officers conducted surveillance at Sides's residence. During the surveillance, officers identified Sides exiting his vehicle and entering his trailer. The vehicle and trailer were both registered to Sides. From surveillance and observation, it did not appear that anyone else resided with Sides at his trailer. Sides also had a Texas license to carry handgun, with a home address of the 6001 34th Street, Space 37, Lubbock, Texas, which expires on August 12, 2027.

8.     On September 25, 2025, an FBI agent conducted surveillance at Sides's residence and used his cell phone to access the available Wi-Fi platforms at and near Sides's trailer. All the platforms appeared to be password protected and no Wi-Fi platform appeared to be publicly available. The FBI agent observed two password protected networks named "Linksys03411" and "Linksys03411_5GHz." Per the administrative subpoena results for Sides's IP address, 50.27.19.254, the dynamic host configuration protocol (DHCP) hostname for Sides's Internet modem is "Linksys03411."

9.     On September 30, 2025, the FBI agent obtained a federal search warrant for Sides's residence including his trailer and vehicle. On October 1, 2025, the FBI, along with other law enforcement personnel, executed the search warrant at Sides's residence. Sides's residence is an RV camper-style trailer with mostly open space accessible by anyone in the trailer and one bedroom, which can be closed off from the rest of the trailer by closing the bedroom door. It was apparent from the search that no one besides Sides lived or stayed there. The belongings appeared to be consistent with a single adult male living alone and there was a collection of mail piled up all addressed to Sides at that residence.

**Terry Joe Sides, Jr.**
**Factual Resume—Page 7**

10. During the search, an FBI agent observed a desktop computer in Sides's bedroom. On the computer, the agent observed the aforementioned Wi-Fi, "Linksys03411" connected, multiple partitioned hard drives, one of which was Bitlocker encrypted, and the username of the computer was listed as "tjsides."

11. On the computer, the FBI agent was able to observe the following noteworthy items:

- P2P file sharing programs including the P2P platform utilized in the undercover investigations discussed above were installed on the computer desktop. There was also evidence of Sides having some understanding of computer coding and evidence that Sides frequently wiped his browsing history.

12. During the search, the FBI agent conducted an interview with Sides, in which Sides admitted that he has lived in the RV for approximately five years. No one else had ever lived with Sides in the RV. Sides provided his email and phone number as the ones provided in the IP address subpoena returns.

13. Sides had multiple computers, hard drives, and other electronic devices in his residence. Furthermore, he was using the Internet to maintain, store, and transport at least some of his files of child pornography. Most electronic devices such as hard drives and computers are means and facilities of interstate and foreign commerce in that they are often made in overseas facilities and travel to the United States before their acquisition and use in the United States, and they are capable of accessing the Internet and storing files obtained from the Internet.

14. After the search of Sides's residence, the FBI agent conducted forensic exams of the devices collected within the residence and located several files of child pornography and evidence of the use of the P2P platform to trade child pornography. Specifically, Sides used a Cyber Power PC Desktop computer, model: C Series, S/N: ET9423-2918, and an Easystore USB 128 GB, # BP2104S8044W to store, receive, and distribute child sexual abuse material. Sides also used his beige 2019 Sandpiper trailer, VIN: 4X4FSAP20KJ037882, Texas License Plate B338936, to commit or promote the commission of his offense of trafficking in child sexual abuse material. Sides admits that these devices and trailer should be forfeited to the United States under 18 U.S.C. § 2253.

15. Sides admits that he knowingly received or distributed an item of child pornography, as alleged in the indictment. Sides admits that the item of child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. That is, Sides used a computer and the Internet to distribute the item of child pornography through an online P2P platform to other users within and outside the State of Texas. Sides admits that when he distributed the item of child pornography, he knew the item was child pornography.

16. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 7th day of January, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

_____
TERRY JOE SIDES, JR.
Defendant

_____
CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:  806-472-7564
Facsimile:  806-472-7394
E-mail:     callie.woolam@usdoj.gov

_____
BRANDON BARNETT
Attorney for Defendant